UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 14-cv-61572-BLOOM/Valle**

WADE GAINES KILPATRICK,
individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

CARIBBEAN CRUISE LINE, INC.,
CELEBRATION CRUISE LINE
MANAGEMENT, INC., and CELEBRATION
CRUISE LINE, LLC,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO STAY

THIS CAUSE came before the Court on Defendants, Caribbean Cruise Line, Inc., Celebration Cruise Line Management, Inc., LLC, and Celebration Cruise Line, LLC's Motion to Stay and/or Motion for Rule 16 Conference, ECF No. [21]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises.[1] For the reasons that follow, Defendants' Motion is **DENIED**.

The Plaintiff seeks statutory damages and injunctive relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, in connection with unsolicited telemarketing calls allegedly made by Defendants. *See* ECF No. [1]. Defendants seek a stay of this proceeding based upon the principles outlines in *Landis v. North American Co.,* 299 U.S. 248, 254 (1936),

---

[1] Defendants' Motion was filed on August 27, 2014, and therefore, pursuant to the Local Rules, a response was due by September 15, 2014. *See* S.D. Fla. L.R. 7.1. Plaintiff's response was duly filed on September 15, 2014, making a reply due on September 25, 2014. *See id.* Although no reply memorandum has been filed to date, the Motion was nonetheless ripe for adjudication after September 25, 2014. *Id.*

Fed. R. Civ. P. 12 and 16 and Local Rule 7.  *See* ECF No. [21].  Defendants claim that they are currently being forced to defend themselves in numerous substantially similar class actions for alleged violations of the TCPA, in United States District Courts throughout the country.  *See id.*  Further, Defendants aver that the class actions are a significant burden upon the courts and parties, involve substantially similar and overlapping issues, and require the parties to engage in duplicative, burdensome discovery.  *See id.*  In support, the Defendants attach seven different complaints representing cases pending throughout the country defended by counsel. *See* ECF No. [21-1].

A district court has the authority to issue a stay of the proceedings pending resolution of a related matter in another court.  *See Ortega Trujillo v. Conover & Co. Commc'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000).  The power to issue a stay arises from the district court's inherent authority to control its docket and manage its cases efficiently.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997).  This has long been the rule.  *See Landis v. N. Am. Water Works & Elec. Co.*, 299 U.S. 248, 254 (1936) (noting that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  So long as a stay does not prove "immoderate"—that is to say, too long, too indefinite, or without proper justification—the decision to stay is bounded only by the district court's discretion.  *See Ortega Trujillo*, 221 F.3d at 1264; *Landis*, 299 U.S. at 254 (whether and how a stay should issue "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").  "Federal courts may exercise their discretion to stay proceedings when a stay would promote judicial economy and efficiency."  *200 Leslie Condo. Ass'n, Inc. v. QBE Ins. Corp.*, 2011 WL 2470344, at *14 (S.D. Fla. June 21, 2011).

A review of the cases attached to the Defendants' affidavit and the complaint at issue warrant the denial of the Defendants' request to stay these proceedings.  While it may appear that the cases all arise from substantially similar alleged phone calls, different parties are involved and different claims are alleged.  A stay of this case would not promote judicial economy or efficiency as there would remain unresolved issues requiring judicial labor in this forum.  It is, therefore, **ORDERED AND ADJUDGED** Defendants, Caribbean Cruise Line, Inc., Celebration Cruise Line Management, Inc., LLC, and Celebration Cruise Line, LLC's Motion to Stay and/or Motion for Rule 16 Conference, **ECF No. [21]**, is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 29th day of September, 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record