# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### (FORT LAUDERDALE DIVISION)

**Case No.: 14-cv-61572-BB**

| | |
|---|---|
| WADE GAINES KILPATRICK, individually and on behalf of other persons similarly situated, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE MANAGEMENT, LLC, and CELEBRATION CRUISE LINE, LLC, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, WADE GAINES KILPATRICK ("Plaintiff"), individually and on behalf of all other persons similarly situated, bringing this action against Defendants CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE MANAGEMENT, LLC, and CELEBRATION CRUISE LINE, LLC (collectively "Defendants"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendants to secure redress because Defendants willfully violated the TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C § 227, *et seq.* by causing unsolicited calls to be made to Plaintiff's and other class members' cellular telephones through the use of an auto-dialer and/or artificial or pre-recorded or artificial

voice message.

2.      Defendants made one or more unauthorized calls to Plaintiff's cell phone using an automatic telephone dialing system ("ATDS") for the purpose of soliciting business from Plaintiff.

3.      Defendants' conduct and actions violated the TCPA, for which Plaintiff and the Class Members seek judgment against Defendants equal to $500.00 per violation, together with attorneys' fees, court costs, and treble damages (for knowing and/or willful violations).

## PARTIES

4.      Plaintiff WADE GAINES KILPATRICK is a citizen of the State of Texas who resides in Austin, Travis County, Texas.

5.      Defendant CARIBBEAN CRUISE LINE, INC., is a corporation organized under the laws of the State of Florida.  Defendant maintains its principle place of business at 5100 North State Road 7, Fort Lauderdale, Florida 33319.  Defendant has appeared and answered in this case.

6.      Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC, is a business organized under the laws of the State of Florida.  Defendant maintains its principle place of business at 2419 E. Commercial Blvd., Ste. 302, Fort Lauderdale, Florida 33308.  Defendant has appeared and answered in this case.

7.      Defendant CELEBRATION CRUISE LINE, LLC, is a business organized under the laws of the State of Florida.  Defendant maintains its principle place of business at 2419 E. Commercial Blvd., Ste. 302, Fort Lauderdale, Florida 33308.  Defendant has appeared and answered in this case.

8.      Whenever in this complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was

committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

9.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy in this civil action exceeds the sum or value of $5,000,000.00, exclusive of interests and costs, and at least one member of the putative class is a citizen of a state different from Defendant.  Furthermore, Plaintiff Class consists of at least one hundred members.

10.      The Court has personal jurisdiction over all Defendants because all Defendants are domiciled in the State of Florida, maintain their principal offices in the State of Florida, are organized under the laws of the State of Florida, and conduct business in the State of Florida.

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because all Defendants reside in this District.

## LEGAL BASIS FOR THE CLAIMS

12.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing…can be an intrusive invasion of privacy…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

13.      Specifically, the TCPA restricts telephone solicitations (*i.e.*, telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—

principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

14.     Unless the recipient has given <u>prior express written consent</u>, as of October 16, 2013, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:

- Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibits solicitations to residences that use an artificial voice or a recording.

- Prohibits any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibits autodialed calls that engage two or more lines of a multi-line business.

- Prohibits unsolicited advertising faxes.

15.     Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

16.     Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

## FACTUAL BACKGROUND AS TO PLAINTIFF

17.     Celebration Cruise Line, LLC and Celebration Cruise Line Management, LLC operate a single cruise ship that offers tours of destinations throughout the Caribbean.

18.     Caribbean Cruise Line is the marketing arm of the Celebration Cruise Line entities.

19.     All Defendants act in concert to market travel packages to consumers through telemarketing efforts that include sending unauthorized advertisements *via* facsimile and placing unauthorized "robo-calls" to consumers *via* ATDS and/or a pre-recorded or artificial voice.

20.     On or about June 20, 2014, Defendants contacted Plaintiff on his cellular telephone number ending in 8070 *via* ATDS as defined by 47 U.S.C. § 227(a)(1).

21.     Plaintiff's caller ID showed the source number (512) 379-5885 as the call was incoming.

22.     When Plaintiff answered the call, a pre-recorded voice greeted Plaintiff by identifying itself as "Jennifer."

23.     "Jennifer" proceeded to ask Plaintiff a series of "yes-or-no" questions before routing Plaintiff to a live representative.

24.     "Jennifer's" voice recording continued to play while Defendants' telephone system rang to connect with the live representative.

25.     Plaintiff was then greeted by a live representative who identified herself as "Suzanne," with employee identification number FL9954.

26.     Plaintiff asked the purpose of the call, and Suzanne stated she worked for Defendant Caribbean Cruise Lines.

27.     Plaintiff asked if she actually worked for a cruise line.

28.     Suzanne assured Plaintiff that he was speaking directly with a representative of Caribbean Cruise Lines and then began to promote travel packages for cruises aboard the Bahamas Celebration.

29.     During her promotional pitch, Suzanne gave Plaintiff a call-back number (954) 565-1808 in the event they were disconnected during the course of the call.

30.     Plaintiff understood the purpose of the call was to solicit business from Plaintiff, so Plaintiff told Defendants' representative he was not interested.

31.     Suzanne persisted before Plaintiff interrupted to inquire as to how Defendants obtained his number.

32.     Suzanne told Plaintiff that his cell number could have been obtained from a number of sources, such as his credit card company.

33.     Plaintiff never sought information from Defendants, nor did he ever authorize Defendants to contact him.

34.     On information and belief, Defendants purchased a database or list of telephone numbers that contained Plaintiff's contact information.

35.     Suzanne then asked for Plaintiff's mobile number.

36.     This surprised Plaintiff because it showed that Defendants' representatives were unaware of which number they were calling.

37.     It was apparent to Plaintiff that a computer had randomly dialed his number from an electronically stored database.

---

38.     Plaintiff was not interested in Defendants' offers, and the call was unwanted and disruptive.

39.     Therefore, Plaintiff disconnected the call.

40.     On or around December 22, 2014, five months after filing this lawsuit, Plaintiff received a call from (512) 339-9558, a number Plaintiff knew from prior experience was associated with Defendants.

41.     Plaintiff was greeted by Jennifer, who asked Plaintiff a series of questions before transferring him to a representative named Dina, employee number FL9779.

42.     Dina told Plaintiff he was speaking with Caribbean Cruise Lines, which she represented was the owner of the Bahamas Celebration cruise ship.

43.     Plaintiff asked to speak to a supervisor and was transferred to Alex, employee number FL5347.

44.     Alex confirmed to Plaintiff that Defendants do not know Plaintiff's name or phone number when the call is transferred from Jennifer.

45.     When Plaintiff asked how Defendants obtained his cell phone number, Alex represented that Plaintiff was "demographically chosen" based on his travel history.

46.     Alex went on to tell Plaintiff that the calling party owned the Bahamas Celebration, and it would cost Plaintiff $118 to book a trip on that cruise ship.

47.     At no time did Alex or any other representative of Defendants represent that Plaintiff had provided Defendants written consent to contact him, even when asked directly about how Defendants obtained his information and why they were calling him.

48.     At no time prior to or after the above-described calls did Plaintiff enter into a business relationship with Defendants or contact Defendants about their services.

49.     The telephone number Defendants called was assigned to a cellular telephone service for which charges incur for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

50.     Plaintiff pays the bill associated with the cellular telephone assigned the number ending in 8070.

51.     Plaintiff is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 8070.

52.     Defendants calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

53.     Plaintiff did not provide Defendants prior express written consent to receive calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

54.     All calls Defendants made to Plaintiff violate 47 U.S.C. § 227(b)(1).

55.     In order to redress injuries caused by Defendants' violations of the TCPA, Plaintiff, on behalf of himself and a class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited voice and text calls to cell phones.

56.     On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

57.     Pursuant to Rules 23(b) and (c) of the FEDERAL RULES OF CIVIL PROCEDURE, Plaintiff brings this action on his own behalf and on behalf of the proposed Plaintiff Class.  Plaintiff seeks certification of a Plaintiff Class consisting of:

> All persons within the United States who Defendants, or some person on Defendants' behalf, called the person's cellular telephone

by using an automatic telephone dialing system, or using any other device that has the capacity to dial numbers without human intervention, from October 16, 2013 to the date the Class is certified, where Defendants' records fail to indicate prior express written permission from the recipient to make such call.

58.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released.

59.     Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more.  This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

60.     Plaintiff and members of the Class were harmed by Defendants' acts in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members *via* their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members.  Plaintiff and Class members were damaged thereby.

61.     This suit seeks only damages, statutory penalties, and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in

further investigation and discovery.

62.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendants' records or Defendants' agent's records.

63.     There is a well-defined community of interest in the questions of law and fact affecting Plaintiff and the Plaintiff Class.  The questions of law and fact common to Plaintiff and the Plaintiff Class predominate over questions affecting only individual members of the Plaintiff Class, and include, but are not limited to, the following:

(a)  Whether from October 16, 2013 to the date the Class is certified, Defendants contacted any member of the Class (other than calls made for emergency purposes or made with the prior express written consent of the called party) using any automatic dialing system to any telephone number assigned to a cellular phone service;

(b)  Whether the members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct; and

(c)  Whether Defendants and their agents should be enjoined from engaging in such conduct in the future.

64.     Plaintiff asserts claims that are typical of the Plaintiff Class based upon the conduct of Defendants which is uniform across all Class Members.

65.     Injuries sustained by Plaintiff and the members of the Plaintiff Class flow, in each instance, from a common nucleus of operative facts.  Defendants or their agents used an ATDS to contact Plaintiff and the Plaintiff Class on their cellular telephones without prior consent.

66.     Plaintiff is an adequate representative of the Plaintiff Class because his interests do not conflict with, and are not antagonistic to, the interests of the members of the Plaintiff Class he seeks to represent.  Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

67.     Plaintiff has retained attorneys who are competent and experienced in the prosecution of class litigation and other complex litigation.

68.     Plaintiff and the members of the Plaintiff Class have all sustained injuries caused by Defendants' conduct.

69.     A class action is superior to other methods for the fair and efficient adjudication of the subject controversy.  Absent a class action, the members of the Plaintiff Class likely will find the cost of litigating their individual claims to be prohibitive, and will have no effective remedy at all.  Because of the relatively small size of the individual claims of the members of the Plaintiff Class, few members of the Plaintiff Class likely could afford to seek legal redress on their own.  Absent a class action, members of the Plaintiff Class will continue to sustain damages, and Defendants' misconduct will proceed without remedy.

70.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.  Additionally, Defendants have acted, and failed to act, on grounds generally applicable to Plaintiff and the Plaintiff Class, requiring Court imposition of uniform relief to ensure compatible standards of conduct toward Plaintiff and the Plaintiff Class.

71.     Adequate notice can be provided to the members of the Class directly using information maintained in Defendants' records or through notice by publication.

## FIRST CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227

72.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though set forth at length herein.

---

73.     Defendants made unsolicited and unauthorized calls using an ATDS or pre-recorded voice to Plaintiff's and the Class Members' cellular telephones for the purpose of marketing products and/or services to Plaintiff and the Class Members.

74.     Defendants made the calls without prior express written consent of the Plaintiff and Class Members.

75.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

76.     As a result of Defendants' violations of 47 U.S.C. § 227, *et. seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

77.     Because Defendants had knowledge that Plaintiff and the Class Members did not consent to the receipt of the aforementioned telephone solicitations, the Court should, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and Class Members.

78.     Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## ATTORNEY'S FEES

79.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

80.     Plaintiff is entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

## JURY DEMAND

81.     Plaintiff, individually and on behalf of the Plaintiff Class, demands a jury trial on all issues triable to a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, individually and on behalf of the Plaintiff Class, prays for the following relief:

a.      An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Hughes Ellzey, LLP as lead Class Counsel.

b.      An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B);

c.      An award of actual and statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B);

d.      Injunctive relief prohibiting Defendants' conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

e.      Pre-judgment and post-judgment interest on monetary relief;

f.      An award of reasonable attorneys' fees and court costs in this action;

g.      All other and further relief as the Court deems necessary, just, and proper.

Respectfully Submitted,


   */s/ Benjamin H. Crumley*
Benjamin H. Crumley, Esq.
Florida Bar No. 18284
CRUMLEY & WOLFE, PA
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone (904) 374-0111
Facsimile (904) 374-0113

HUGHES ELLZEY, LLP
W. Craft Hughes
Texas Bar No. 24046123
E-Mail: craft@hughesellzey.com
Jarrett L. Ellzey
Texas Bar No. 24040864
E-Mail: jarrett@hughesellzey.com
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
(*Admitted Pro Hac Vice*)

**ATTORNEYS FOR PLAINTIFF
AND THE PROPOSED CLASS**