UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 14-cv-61572-BB

| | |
|---|---|
| WADE GAINES KILPATRICK, individually and on behalf of other persons similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CARIBBEAN CRUISE LINE, INC., CELEBRATION CRUISE LINE MANAGEMENT, LLC, and CELEBRATION CRUISE LINE, LLC, | ) ) ) ) ) |
| Defendants. | ) |

**JOINT MOTION TO CONSOLIDATE CASES, AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Wade Gaines Kilpatrick and Defendants Caribbean Cruise Line, Inc., Celebration Cruise Line Management, LLC, Celebration Cruise Line, LLC (collectively, the "Parties") together file this Motion pursuant to FED. R. CIV. P. 42(a) for an Order consolidating the case styled Case No. 0:15-cv-61213-RNS; *Holly Lively, individually and behalf of all others similarly situated, v. Caribbean Cruise Lines, Inc., Sunbridge Systems, LLC, and The Marketing Source, Inc.*; in the Southern District of Florida, Miami Division ("*Lively*") with this case ("*Kilpatrick*").[1] In support thereof, the Parties state:

---

[1] Plaintiff *Lively* also consents to the relief sought in this Motion.  Counsel for *Kilpatrick* and *Lively* have also agreed that, if the Court enters an order consolidating the cases, they will file a Consolidated Class Action Complaint in order to allow both cases to move forward as a single action.

1.        Plaintiff in the instant case, Wade Gaines Kilpatrick, filed this class action lawsuit seeking damages and injunctive relief pursuant to the TELEPHONE CONSUMER PROTECTION ACT, 42 U.S.C. § 227, *et seq.* ("TCPA") on July 9, 2014.  *Lively* was also filed as a TCPA class action in the United States District Court for the Eastern District of California, Sacramento Division, on April 17, 2014.[2]

2.        During the course of discovery in *Kilpatrick* and *Lively*, it became apparent to all counsel that both cases were in similar posture with respect to case progress and outstanding discovery issues.  Counsel for all parties conferred and agreed a transfer of *Lively* for the purpose of consolidating with *Kilpatrick* would promote efficiency for the courts and the parties by eliminating the risk of re-litigating certain disputed issues, and reduce the time and expense burdens involved in divided discovery efforts.

3.        On April 22, 2015, Plaintiff *Lively* filed a motion to transfer her case to the United States District Court for the Southern District of Florida, Miami Division, with the intent to seeking consolidation with *Kilpatrick* in this Court.  On June 8, 2015, pursuant to a joint stipulation of the parties and the court's order on the motion to transfer, the *Lively* case was transferred to the Southern District of Florida.

4.        While there are certain different named defendants, the alleged core conduct in both *Lively* and *Kilpatrick*, *i.e.*, both plaintiffs' alleged receipt of a telephone call from "Jennifer at Caribbean Cruise Line," as well as uniform allegations of TCPA violations, make consolidation in this Court appropriate.

---

[2] Case No. 14-cv-00953-JAM-CKD

5. Given the alleged similarities between the two cases, the fact that the same underlying conduct is being challenged in both cases, and that both Plaintiffs have alleged that some of the Defendants are involved in some fashion, the Parties request that the Court enter an Order consolidating *Lively* with the *Kilpatrick* action in this Court pursuant to FED. R. CIV. P. 42(a).

## MEMORANDUM OF LAW

6. Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). Determination on whether the requested consolidation is warranted is discretionary. *See Hendrix v. Raybestos Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). However, "trial judges are encouraged to make good use of Rule 42(a)…in order to expedite the trial and eliminate unnecessary repetition and confusion." *Id.*

7. The Parties seek consolidation of the *Lively* action with the *Kilpatrick* action pursuant to Rule 42(a)(3) because both actions involve common questions of law or fact, and there is no risk of prejudice or possible confusion if the cases are consolidated. *Id.* Instead, consolidation in the instant matter is necessary to avoid inconsistent rulings on similar issues of fact and law and to ensure that the same standard is applied to the determination of such issues as they arise in each case. *See Hargett v. Valley Federal Savings Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) (proper solution to problems to problems created by existence of two or more cases involving same parties and issues simultaneously pending in two courts would be consolidation under Rule 42).

8. The Parties have conferred and agree that *Lively* and *Kilpatrick* are essentially the same case litigating as two separate actions. Both cases are in the same approximate stage in the litigation, the disputed issues are the same, the claims are the same, both plaintiffs are seeking roughly the same discovery materials from Defendants[3], Defendants are seeking roughly the same discovery materials from both plaintiffs, and the proposed classes both Plaintiffs seek to represent are, or will be, the same when Plaintiffs move to certify.

9. Thus, in order to spare the parties the burden of time and expense associated with continued fragmented litigation and to promote judicial economy, the Court should consolidate *Lively* with *Kilpatrick.* No party will be prejudiced by the consolidation of these cases.

WHEREFORE, PREMESES CONSIDERED, the Parties respectfully request the Court enter an Order consolidating the *Lively* action with the *Kilpatrick* action in this Court, and grant the Parties all other relief to which they may be justly entitled.

RESPECTFULLY SUBMITTED,

DATED:  June 16, 2015

By: */s/ Benjamin H. Crumley*
Benjamin H. Crumley, Esq.
Florida Bar No.:  18482
Crumley & Wolfe, P.A.
2254 Riverside Ave.
Jacksonville, FL 32204
Telephone: (904) 374-0111
Fax: (904) 374-0113
ben@cwbfl.com

---

[3] The Parties in both actions are currently discussing various discovery issues and/or have pending discovery requests pending. As the Court is aware, a Temporary Stay Order is currently in place up to and including June 19, 2015. The Parties request that the stay remain in place until such time as the Court has an opportunity to consider this Motion, and if the cases are consolidated, the Plaintiffs will be filing a Consolidated Complaint. After the procedural matters are resolved, the Parties will work together to either resolve the pending discovery disputes or bring those matters to the Court's attention.

        W. Craft Hughes
Jarrett L. Ellzey
 (admitted *pro hac vice*)
HUGHES ELLZEY, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Telephone: (713) 554-2377
craft@hughesellzey.com
jarrett@hughesellzey.com

*Attorneys for Plaintiff*

DATED:  June 16, 2015        By: /s/ Jeffrey A. Backman
Richard W. Epstein
Florida Bar No.: 229091
Jeffrey A. Backman
Florida Bar No.: 662501
GREENSPOON MARDER, P.A.
200 East Broward Boulevard
Suite 1500
Fort Lauderdale, FL 33101
Telephone: (954)734-1853
Facsimile: (954)213-0140
Email: jeffrey.backman@gmlaw.com
*Attorneys for Defendants*