UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 14-cv-61572-BLOOM/Valle

WADE GAINES KILPATRICK, and
HOLLY LIVELY, individually and on
behalf of all other persons similarly
situated,

       CONSOLIDATED CLASS ACTION

    Plaintiffs,

v.

CARIBBEAN CRUISE LINE, INC.,
CELEBRATION CRUISE LINE
MANAGEMENT, LLC,
CELEBRATION CRUISE LINE, LLC,
SUNBRIDGE SYSTEMS, LLC,
THE MARKETING SOURCE, INC.,
CELEBRATION CRUISE HOLDING, INC.,
DANIEL E. LAMBERT,
JAMES H. VERRILLO, and
BAHAMAS PARADISE CRUISE LINE,
LLC

    Defendants
_____/

**PLAINTIFF HOLLY LIVELY'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES TO DISCOVERY FROM THE MARKETING SOURCE, INC.**

1

**COMES NOW** Plaintiff Holly Lively and hereby submits the following Motion to Compel Defendant The Marketing Source, Inc. to (1) provide responses to Plaintiff's First Set of Interrogatories; (2) produce documents response to Plaintiff's First Set of Requests for Production; and for an award of reasonable costs and attorneys' fees associated with preparing this Motion, as set forth below.

Plaintiff hereby sets forth the discovery requests and the responses from The Marketing Source at issue and the reasons why Defendant's objections and responses are without merit and inadequate. Clearly, The Marketing Source is disregarding its discovery obligations and attempting to obstruct plaintiff's attempt to obtain information to prove her claims.

## PROCEDURAL BACKGROUND

This matter is a class action for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. Plaintiff filed this action on behalf of herself and other similarly situated persons who received unwanted and unsolicited calls on their cell phone from defendants Caribbean Cruise Line, Sunbridge Systems, LLC and the Marketing Source, Inc.

Plaintiff learned through Defendant Caribbean Cruise Line's amended Rule 26 disclosures and discovery that defendant Caribbean Cruise Line contends that it does not make phone calls and that the calls are routed to its company by defendant the Marketing Source. (Exhibit "A"). This matter was initially filed in the United States District Court for the Eastern District of California against Caribbean Cruise Line. Due to the presence of newly discovered parties, The Marketing Source and Sunbridge Systems, both residents of Florida, were added to the *Lively* matter.

Around that same time, Plaintiff discovered a similar TCPA class action case pending in the United States District Court for Southern District of Florida, *Kilpatrick v. Caribbean Cruise Line*. The parties stipulated to transfer the *Lively* matter to the United States District Court for the Southern District of Florida. (Exhibit "B"). Following the parties' Joint Motion, this Court ordered the *Kilpatrick* and *Lively* matters consolidated on June 29, 2015. [Dkt. 65].

While the Lively matter was still pending in the United States District Court Eastern District of California, plaintiff Lively propounded a set of interrogatories and request for production of documents to The Marketing Source. (Exhibits "C" and "D"). Defendant's responses were initially due on May 8, 2015, which was extended per stipulation to May 28, 2015. (Exhibit "E".). The Marketing Source again requested additional time and obtained an

Order from the United States District Court, Eastern District of California, further extending its deadline to respond to plaintiff Lively's discovery requests to June 4, 2015. (Exhibit "F").

Despite having obtained several extensions, instead of responding to the discovery in good faith, Defendant The Marketing Source served objections to plaintiff Lively's interrogatories and requests for production of documents on June 4, 2015. (Exhibits "G" and "H"). On November 2, 2015, counsel for plaintiff Lively sent counsel for Defendant The Marketing Source a letter requesting substantive responses by November 6, 2015. (Exhibit "I"). To date, The Marketing Source has failed to provide substantive responses to plaintiff Lively's discovery requests necessitating the filing of this Motion to Compel.

## ARGUMENT

Under Fed. R. Civ. P. 37 (a), where responses have been served but they contain objections, or evasive or incomplete answers, a party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Where a party moves to compel answers to discovery, the burden is on the responding party to justify its objections or failure to provide complete responses. [Adv. Comm. Notes to 1970 Amendment to FRCP 33(a)]

## INTERROGATORIES

Regarding Interrogatories, each interrogatory must be responded to separately and fully. The response may be either an answer or objection. If an objection, the reasons for the objections must be stated. When an objection is made to part of an interrogatory, the remainder of the interrogatory must be answered. [Fed. R. Civ. P. 33(b)(3)].

Here, Defendant the Marketing Source responded in the same manner as to all of plaintiff Lively's interrogatories:

> "TMS objects to this interrogatory at this time on the ground that it would be unduly burdensome for it to have to respond to that interrogatory at this time, given the unique procedural situation (as described above in the Preliminary Statement and the General Objections) and the likely transfer of this action to the Southern District of Florida, where, so the parties anticipate, it will be consolidated with another action pending there. *See* Fed. R. Civ. Proc. 26(c)(1). Following the anticipated transfer of venue to the Southern District of Florida, TMS and its counsel will be willing to meet and confer with plaintiff's counsel about how to proceed with discovery at that point in time. TMS reserves and asserts all other appropriate objections, including but not limited to objections based on the attorney-client privilege, the attorney work-product doctrine, the right to privacy of third parties, and all other privileges and doctrines that limit the scope of permissible discovery."

The Court should compel Defendant The Marketing Source to respond fully to each of plaintiff Lively's interrogatories. The procedural situation of the case at the time had no bearing on Defendant The Marketing Source's discovery responses and it should have responded to the interrogatories in good faith. Further, Defendant The Marketing Source never provided substantive responses to the interrogatories following the transfer of this matter to this Court, despite plaintiff's requests. In fact, The Marketing Source did not even file an Answer to Plaintiffs' Consolidated Complaint until November 12, 2015. [Dkt. 114]. Defendant The Marketing Source's objections are without merit and designed to evade its discovery obligations and not provide information requested by plaintiff Lively in the prosecution of her claims against it. The Court should compel Defendant The Marketing Source to provide full and complete responses to plaintiff Lively's interrogatories in compliance with Fed. R. Civ. P. 33(b)(3), without objections, within ten (10) days.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

Under Fed. R. Civ. P. 34(b)(2)(B), a response to a request for production must state as to each item requested, whether the inspection will be permitted. To the extent a party objects to an item requested, it must state whether it is objecting in whole or in part. The objection must identify the specific document to which an objection is being made and set forth the reasons for the objection, including claims of privilege or work product protection. [Fed. R. Civ. P. 34(b)(2)(C)].

Similar to its responses to Interrogatories, Defendant The Marketing Source responded to each of the requests for production with what amounts to be a blanket objection:

> "TMS objects to this document request at this time on the ground that it would be unduly burdensome for it to have to respond to that request at this time, given the unique procedural situation (as described above in the Preliminary Statement and the General Objections) and the likely transfer of this action to the Southern District of Florida, where, so the parties anticipate, it will be consolidated with another action pending there. See Fed. R. Civ. Proc. 26(c)(l). Following the anticipated transfer of venue to the Southern District of Florida, TMS and its counsel will be willing to meet and confer with plaintiff's counsel about how to proceed with discovery at that point in time. TMS reserves and asserts all other appropriate objections, including but not limited to objections based on the attorney-client privilege, the attorney work-product doctrine, the right to privacy of third parties, and all other privileges and doctrines that limit the scope of permissible discovery."

"Please see the General Objections and the objection to Demand No.1, both of which are incorporated here by reference. Also, vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence."

For the same reasons set forth above, this Court should compel Defendant The Marketing Source to respond each of plaintiff Lively's request for production of documents in compliance with Federal Rule of Civil Procedure, Rule 34.

## SANCTIONS ARE APPROPRIATE

Plaintiff has attempted to meet and confer numerous times regarding the deficiencies in The Marketing Sources's discovery responses. Even after multiple extensions, Defendant continues to evade its discovery obligations. The delays have been with one goal in mind: to hinder Plaintiff's motion for class certification. Defendant has no justifiable reason for not providing Plaintiff with the information sought in discovery. The information is relevant and necessary. Because of the Defendant's tactics, Plaintiff has been forced to engage in protracted litigation. Therefore, Plaintiff respectfully requests monetary sanctions under Fed.R.Civ.P 37.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court order The Marketing Source to provide substantive further responses to Plaintiff's Interrogatories and Requests for Production by November 24, 2015.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Counsel for Plaintiff Lively attempted in good faith to obtain from The Marketing Source substantive responses to her Interrogatories and Requests for Production of Documents. Plaintiff's Counsel addressed the deficiencies in The Marketing Source's responses numerous times, with a final letter being sent to Counsel for The Marketing Source on November 2, 2015.

RESPECTFULLY SUBMITTED,

DATED: November 13, 2015

*/s/ Benjamin H. Crumley*
Benjamin H. Crumley, Esq.
Florida Bar No. 18284
CRUMLEY & WOLFE, PA
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone (904) 374-0111
Facsimile (904) 374-0113

5

John P. Kristensen (CASBN 224132)
*john@kristensenlaw.com*
**Kristensen Weisberg, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
(*Admitted Pro Hac Vice*)

Christopher W. Wood (CASBN 193955)
*cwood@dbbwlaw.com*
Kelsey J. Fischer (CASBN 292262)
*kfischer@dbbwlaw.com*
**Dreyer Babich Buccola**
**Wood Campora, LLP**
20 Bicentennial Circle
Sacramento, California 95826
Telephone:  (916) 379-3500
Fax:  (310) 379-3599
(*Admitted Pro Hac Vice*)

**ATTORNEYS FOR PLAINTIFF**
**AND THE PROPOSED CLASS**

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF, thereby notifying the following parties of record below, on this 13th day of November, 2015.

Richard W. Epstein
richard.epstein@gmlaw.com
Jeffrey A. Backman
jeffrey.backman@gmlaw.com
Roy Taub
roy.taub@gmlaw.com
GREENSPOON MARDER
200 E. Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301

**Counsel for Defendant Caribbean Cruise Line, Inc.**

Christopher W. Wood
Kelsey S. Fischer
DREYER BABICH BUCCOLA WOOD CAMPORA LLP
20 Bicentennial Circle
Sacramento, California 95826

**Co-Counsel for Plaintiff Holly Lively, and all others similarly situated**

Benjamin Earl Hillard, Esq.
Hillard Cuykendall Allred PA
13143 66th Street
Largo, Florida 33773
Fax No.: (727) 536-7739
Email: Ben.Hillard@gmail.com

**Counsel for Defendants**

Robert S. Boulter
rsb@boulter-law.com
Legal Solutions Group, LLP
1629 Fifth Avenue
San Rafael, California 94901
415-233-7100
415-460-1099

**Counsel for Defendant Caribbean Cruise Line, Inc.**

Kenneth C. Mennemeir, Esq.
MENNEMEIER GLASSMAN LLP
980 9th Street, Suite 1780
Sacramento, CA 95814
Email: kcm@mgslaw.com

**Counsel for Defendants The Marketing Source, Inc., and Sun Bridge Systems, LLC**

**William Craft Hughes**
craft@hughesellzey.com
**Jarrett L. Ellzey**
jarrett@hughesellzey.com
Hughes Ellzey, LLP
2700 Post Oak Blvd.
Suite 1120
Houston, TX 77056
888-350-3931

**Counsel for Plaintiff Kilpatrick**

7

**Benjamin Hans Crumley**
Crumley & Wolfe, P.A.
2254 Riverside Ave.
Jacksonville, FL 32204
(904) 374-0111
Fax: (904) 374-0113
Email: ben@cwbfl.com

**Co-Counsel for Plaintiffs**


 */s/ Benjamin H. Crumley*

Benjamin H. Crumley