UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 14-cv-61572-BB

WADE GAINES KILPATRICK, and
HOLLY LIVELY, individually and on behalf of
other persons similarly situated,

       Plaintiff,

v.

CARIBBEAN CRUISE LINE, INC.,
CELEBRATION CRUISE LINE
MANAGEMENT, LLC, CELEBRATION
CRUISE LINE, LLC, SUNBRIDGE SYSTEMS,
LLC, THE MARKETING SOURCE, INC., and
CELEBRATION CRUISE HOLDING, INC.

       Defendants.

_____/

## THE CCL DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT OR, ALTERNATIVELY, TO STAY AND INCORPORATED MEMORANDUM OF LAW (ORAL ARGUMENT REQUESTED)

Defendants Caribbean Cruise Line, Inc., Celebration Cruise Line Management, LLC, Celebration Cruise Line, LLC, and Celebration Cruise Holding, Inc. (collectively, the "CCL Defendants"), file this Motion for Entry of Judgment or, Alternatively, to Stay this action's proceedings pending decisions by the United States Supreme Court in *Spokeo v. Robins*[1] and *Campbell-Ewald Co. v. Gomez*,[2] and in support thereof state the following.

## INTRODUCTION

In their First Amended Consolidated Class Action Complaint, Plaintiffs seek only statutory damages and injunctive relief under the Telephone Consumer Protection Act, 47 U.S.C.

_____

[1] 135 S. Ct. 1892 (2015).
[2] 135 S. Ct. 2311 (2015).

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

§227 *et seq.* (the "TCPA").[3]  Plaintiffs do not allege they suffered any type of harm or injury as a result of allegedly receiving these calls.

On November 10, 2015, the CCL Defendants made offers of judgment under Federal Rule of Civil Procedure 68 to both Plaintiffs that would provide them full relief.  Specifically, the CCL Defendants offered Plaintiffs $1503 per alleged call (in excess of the maximum statutory damage under the TCPA of $1500 per call), an award of all reasonable taxable costs, and entry of injunctions barring the CCL Defendants from calling Plaintiffs' telephone numbers without their consent.  In addition to invoking the Rule 68 procedural mechanism, the CCL Defendants sent a separate letter to each Plaintiff making the same offer of full relief, tendering the funds and agreeing to keep the offer open for the remainder of the pendency of this case.[4]

The CCL Defendants have thus agreed to provide Plaintiffs with the full and complete relief they seek – payment in amounts exceeding the available statutory damages, entry of the injunctive relief they seek, and judgment entered against the CCL Defendants.  Pursuant to its authority, the Court should grant the CCL Defendants' request for entry of judgment in this action per the terms offered to Plaintiffs.[5]

Alternatively, if the Court does not enter judgment as requested, it should stay the proceedings.  The above-mentioned events – Plaintiffs' allegation of no actual injury and the CCL Defendants' offers of full and complete relief – implicate two potentially dispositive issues that are scheduled to be decided by the Supreme Court this Term.  In *Spokeo*, the Supreme Court will determine whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court,

---

[3] *See* Dkt. No. 100 at ¶¶ 5, 110, 112.
[4] The CCL Defendants can provide the Court a copy of the offers upon the Court's request.
[5] For the Court's convenience, a proposed judgment is attached hereto as Exhibit A.

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

by authorizing a private right of action based on a bare violation of a federal statute.[6]  The answer to *Spokeo*'s certified question directly impacts whether the Plaintiffs and the putative class members each have standing in this action under the TCPA by virtue of their bare statutory violations when they, similarly, have not suffered any concrete harm.  This, in turn, would affect the analysis on class certification because individualized issues will predominate if each class member would need to show an actual injury beyond a mere statutory violation.

*Campbell-Ewald*, like this case, is a TCPA putative class action where the defendant offered the named plaintiff more than full satisfaction of his individual claims.  The Supreme Court will decide whether a putative class action becomes moot when the named plaintiff receives an offer under Federal Rule of Civil Procedure 68 of complete relief on his or her claim.[7]  An answer in the affirmative would effectively bring an end to the proceedings in this case as mooted, since the CCL Defendants have offered the Plaintiffs complete relief (in fact, more than complete relief) on their TCPA claim.[8]

Accordingly, given that the threshold issue of jurisdiction is implicated, the interests of judicial economy and the public welfare, and the lack of prejudice to Plaintiffs, if the Court does not enter judgment against the CCL Defendants as requested on this Motion, it should stay the proceedings in this action pending the outcomes in *Spokeo* and *Campbell-Ewald*.

---

[6] Ex. B at i (Pet. for Writ of *Certiorari*, *Spokeo, Inc. v. Robins*, available at 2014 WL 1802228).

[7] Ex. C at i (Pet. for Writ of *Certiorari*, *Campbell-Ewald Co. v. Gomez*, available at 2015 WL 241891).

[8] To clarify, and as detailed below, the CCL Defendants' Motion for Entry of Judgment is not premised on *Campbell-Ewald* or the issue of whether the unaccepted offers of judgment (whether made under Rule 68 or otherwise) mooted Plaintiffs' claim.  Nonetheless, the forthcoming ruling by the Supreme Court in *Campbell-Ewald* may apply to this action because the CCL Defendants served unaccepted Rule 68 offers on both Plaintiffs here, and thus it is a basis for motion, made in the alternative, to stay the proceedings in this action (and only that branch of this Motion).

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

# ARGUMENT

## I.   THE COURT SHOULD GRANT THE CCL DEFENDANTS' REQUEST FOR ENTRY OF JUDGMENT

Federal Rule of Civil Procedure 54(c) provides that a nondefault judgment "should grant the relief to which each party is entitled . . . ."  That is precisely what the CCL Defendants are asking the Court to do on this Motion for Entry of Judgment.

In their First Amended Consolidated Class Action Complaint,[9] Plaintiffs seek an award of statutory damages for a combined total of five telephone calls allegedly in violation of the TCPA and injunctive relief prohibiting such conduct in the future.[10]  The CCL Defendants have tendered payment in excess of that amount of statutory damages and have offered to pay all reasonable taxable costs and have the requested injunction entered against them in – all in the form of a judgment.  That is the full and complete relief Plaintiffs are seeking.

As the Middle District of Florida recently did, this Court should enter judgment on a defendant's motion where the requested judgment will provide a plaintiff the full and complete relief he or she seeks.[11]  In *Shamblin*, the court found that, where the plaintiff had already settled her TCPA claim with a former defendant for the maximum amount of statutory damages, the remaining defendants' offer of the injunctive relief she sought against them would give her full and complete relief, and thus granted the defendant's motion for entry of judgment.[12] Reasoning that "you cannot persist in suing after you've already won," the Court cancelled the scheduled bench trial, granted the injunctive relief proffered by the defendants, and entered

---

[9] Dkt. No. 100
[10] *Id.* at ¶¶ 110-112.
[11] *Shamblin v. Obama for Am.*, No. 13-cv-2428-T-33TBM, 2015 WL 6123731 (M.D. Fla. Oct. 16, 2015).
[12] *Id.* at *1-2.

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

judgment for the plaintiff.[13]   Here, too, the Court should conclude that the CCL Defendants'

offers give Plaintiffs "the relief to which each [of them] is entitled," and should enter judgment

against the CCL Defendants with the terms set forth above pursuant to Rule 54.

Such an approach recognizes that "[b]ecause 'federal courts do not sit simply to bestow

vindication in a vacuum,' a federal court is required to dismiss a suit for lack of jurisdiction once

a defendant has made an offer of complete relief."[14]   The Second Circuit in particular has

developed case law on this issue, although it is not alone.[15]   The reasoning is that while "the

Court cannot force [Plaintiffs] to accept [the CCL Defendants'] offer, . . . neither can [Plaintiffs]

force this Court to waste its time trying a case that is effectively in default."[16]

Notably, this line of case law is not based on the Article III doctrine of mootness and lack

of subject matter jurisdiction that may permit dismissal of a claim following an unaccepted Rule

68 offer of full and complete relief.   Thus, the Eleventh Circuit's recent holding that an

---

[13] *Id.* at *2 (quoting *Dean v. Cmty. Dental Servs., Inc.*, No. 12-cv-1507-T-33AEP, 2012 WL 4208114, *3 (M.D. Fla. Sept. 19, 2012)).

[14] *Kane v. U-Haul Int'l, Inc.*, No. CIV. 01-6002 (RBK), 2005 WL 2621935, *3 (D.N.J. Oct. 14, 2005) (quoting *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986) (holding that there is no case or controversy where "defendants had offered [plaintiff] the full amount of damages ($3,281.25) to which she claimed individually to be entitled")).

[15] *See, e.g.*, *Hepler v. Abercrombie & Fitch Co.*, 607 Fed. Appx. 91, 92 (2d Cir. 2015) ("If the offer tenders *complete* relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent.   A defendant offering judgment for complete relief is, in essence, submitting to the entry of default judgment.   Just as a defendant may end the litigation by allowing default judgment, a defendant may always end the litigation by offering judgment for all the relief that is sought.") (internal citations omitted); *Bank v. Carribean Cruise Line, Inc.*, 606 F. App'x 30, 31 (2d Cir. 2015) ("[W]here there is an unaccepted offer of judgment that would afford the plaintiff complete relief, we have held that 'the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer.'") (quoting *Cabala v. Crowley*, 736 F.3d 226, 228 (2d Cir. 2013)); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 575 (6th Cir. 2009) (when faced with an unaccepted offer of full and complete relied, "the better approach is to enter judgment in favor of the plaintiffs in accordance with the . . . offer of judgment, as the district court did in this case, following the lead of district courts in the Second Circuit").

[16] *Auto. Ins. Co. of Hartford, Conn. v. Electrolux Home Prods., Inc.*, No. 08-CV-623A, 2011 WL 3295510, *2 (W.D.N.Y. Aug. 1, 2011) ("In effect, then, Electrolux has offered a default judgment without actually defaulting.").

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

unaccepted Rule 68 offer does not moot a plaintiff's claim does not apply.[17]   Indeed, the doctrine

of mootness is not a ground for the CCL Defendants' Motion for Entry of Judgment.  As Judge

Easterbrook noted in the Seventh Circuit's recent decision that, like *Stein*, held an unaccepted

Rule 68 offer does not moot a plaintiff's claim, "[r]ejecting a fully compensatory offer may have

consequences other than mootness . . . .  '[Y]ou cannot persist in suing after you've won.'  . . . .

[T]he conclusion that a particular doctrine is not 'jurisdictional' does not make it vanish."[18]

While  Judge  Easterbrook  contemplated  that  one  non-mootness  consequence  of  an

unaccepted offer of complete relief is that it may furnish an affirmative defense,[19] other courts,

such as in *Shamblin*, have found it a basis to enter judgment.  Indeed, those courts have rejected

the "contention that FRCP 68 is the only way in which a plaintiff risks dismissal by rejecting a

full settlement offer."[20]  In *McCauley v. Trans Union, L.L.C.*, for example, the Second Circuit

rejected a Rule 68 offer for requiring that the judgment be confidential and filed under seal, but

nonetheless  remanded  the  case  to  the  district  court  for  entry  of  default  judgment  for  full

damages.[21]   The Second Circuit reasoned that a plaintiff cannot "force his opponent to confess

to having violated the law, as it is always open to a defendant to default and suffer judgment to

be entered against him without his admitting anything," and that "if the defendant has thus

thrown in the towel there is nothing left for the district court to do except enter judgment."[22]

More recently, the District of Colorado held that although an unaccepted Rule 68 offer

did not moot the plaintiff's claim, the court nonetheless "decline[d] to permit [plaintiff's] claims

---

[17] *Stein v. Buccaneers Ltd. P'Ship*, 772 F.3d 698, 709 (11th Cir. 2014).
[18] *Chapman v. First Index, Inc.*, 796 F.3d 783, 787 (7th Cir. 2015) (Easterbrook, J.).
[19] *Id.*
[20] *Electrolux*, 2011 WL 3295510 at *3.
[21] 402 F.3d 340, 341-42 (2d Cir. 2005).
[22] *Id.* (quoting *Chathas v. Local 134 IBEW*, 233 F.3d 508, 512 (7th Cir. 2000)).

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

to move forward to trial."[23]   After explaining that if it "remedie[d] the alleged defects so that the offer proposes complete relief, there can be no arguable basis for Ms. Witt to refuse to accept it," the Court reformed the offer to correct any defects and entered judgment in favor of plaintiff on those terms.[24]   The same reasoning applies here, separate and apart from the issue of mootness.

## II.   ALTERNATIVELY, THE COURT SHOULD STAY THE PROCEEDINGS PENDING THE DECISIONS IN *SPOKEO* AND *CAMPBELL-EWALD*

In the event, however, that the Court does not enter judgment against the CCL Defendants, it should stay the proceedings for the relatively short period of time pending the Supreme Court's rulings in *Spokeo* and *Campbell-Ewald*.   As detailed below, the Supreme Court may issue a decision in one or both of those cases that would have a significant, if not dispositive, effect here on threshold issues of standing, mootness, and subject-matter jurisdiction.

### A.   Courts Routinely Stay Cases Under These Circumstances

There is substantial precedent for granting a stay under these circumstances.   The Eleventh Circuit and other courts have routinely stayed proceedings in cases pending the Supreme Court's resolution of a related case that may be dispositive or significantly affect the case being stayed.[25]   And, more specifically, a significant and increasing number of courts have stayed cases on account of the very Supreme Court cases at issue here, *Spokeo* and/or *Campbell-*

---

[23] *Witt v. GC Servs. Ltd. P'ship*, No. 13-CV-2834-RBJ-CBS, 2015 WL 273838, *2 (D. Colo. Jan. 20, 2015).

[24] *Id.*   *See also Miranda v. Receivables Performance Mgmt., LLC*, No. 12-CV-02507-MSK-MJW, 2013 WL 3958367, *2 (D. Colo. Aug. 1, 2013).

[25] *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1247 (11th Cir. 2011) (noting the court had previously "stayed its . . . proceedings" in the case "'to await the Supreme Court's decision in *Vaden*, which raised a substantially similar jurisdictional question"); *Assoc. for Disabled Americans, Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005) (noting "appeal was stayed pending the Supreme Court's decision in *Tennessee v. Lane*"); *Colby v. Publix Super Mkts., Inc.*, No. 2:11-CV-590-RDP, 2012 WL 2357745, *2-3 (N.D. Ala. 2012); *Bainbridge v. Tuter*, No. 8:99-CV-2681-T-27TBM, 2004 WL 5579425, *1 (M.D. Fla. Sept. 24, 2004); *Held v. Davis*, 778 F. Supp. 527, 528 (S.D. Fla. 1991); *Sierra Club v. Coca-Cola Corp.*, 673 F. Supp. 1555, 1557 (M.D. Fla. 1987); *Sigvartsen v. Smith Barney Harris Upham & Co.*, No. 84-540-CIV-T-15, 1985 WL 8033, *1 (M.D. Fla. May 31, 1985).

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

*Ewald*.[26]   Indeed, another judge in this District, Judge Cooke, stayed a TCPA case six months

ago pending the Supreme Court's decisions in *Spokeo* and *Campbell-Ewald*.[27]   And, just last

month, Judge Cooke stayed another case also seeking only statutory damages under the Fair and

Accurate Credit Transactions Act, 15 U.S.C. § 1681 *et seq*.[28]

While Plaintiffs may argue that Eleventh Circuit precedent is in agreement with the Ninth

Circuit decisions being appealed in *Spokeo* – that violation of a statutory right is sufficient injury

in fact to confer standing[29] – and in *Campbell-Ewald* – that a class action plaintiff's "individual

claim is not mooted by an unaccepted Rule 68 offer of judgment"[30] – those facts do not preclude

a stay.  Indeed, Judge Cooke noted these "binding precedent[s]" in *Boise*, and still issued a stay

in that case.[31]   We acknowledge that this Court recently denied a motion to stay in another case

pending the ruling in *Spokeo* in large part because the Eleventh Circuit's *Palm Beach* decision

required the Court "to measure the likelihood of [the movant's] success on the merits" dimly.[32]

Respectfully, however, the fact that the Eleventh Circuit has ruled on the issues before

the Supreme Court in both *Spokeo* and *Campbell-Ewald* should not weigh heavily on a motion to

stay pending an appellate court's ruling in another case.  The Eleventh Circuit case law relied

upon in *Riccardi* concerned the inapposite situation of stays of execution, where a case has been

---

[26] *See, e.g.*, *Tel. Science Corp. v. Hilton Grand Vacations Co., LLC*, No. 15-cv-969-Orl-41DAB, 2015 WL 7444409 (M.D. Fla. Nov. 20, 2015); *Duchene v. Westlake Servs., LLC*, No. 2:13-CV-01577, 2015 WL 5947669 (W.D. Pa. Oct. 13, 2015); *Yaakov v. Varitronics, LLC*, No. CIV. 14-5008 ADM/FLN, 2015 WL 5092501 (D. Minn. Aug. 28, 2015); *Wolf v. Lyft, Inc.*, No. C 15-01441 JSW, 2015 WL 4455965 (N.D. Cal. July 20, 2015); *Provo v. Rady Children's Hosp.-San Diego*, No. 15CV0081 JM BGS, 2015 WL 6144029, *2 (S.D. Cal. July 29, 2015); *Ramirez v. Trans Union, LLC*, No. 12-CV-00632-JSC, 2015 WL 6159942, *2 (N.D. Cal. June 22, 2015).

[27] *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL 4077433, *5-6 (S.D. Fla. July 6, 2015).

[28] *Lopez v. Miami-Dade County*, No. 15-Civ-22943-COOKE/TORRES, 2015 WL 7202905 (S.D. Fla. Nov. 6, 2015).

[29] *See Palm Beach Golf Center–Boca, Inc. v. Sarris*, 781 F.3d 1245, 1251-52 (11th Cir. 2015).

[30] *See Stein*, 772 F.3d at 709.

[31] 2015 WL 4077433 at *6.

[32] *See Riccardi v. Ed Ideas, Inc.*, No. 15-cv-80488-BLOOM/VALLE, *7 (S.D. Fla. Dec. 3, 2015) (Bloom J.) (attached hereto as Exhibit D).

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

fully litigated at the trial court, or gave weight to the likelihood the moving party itself would ultimately prevail on the issue on appeal, a factor that does not apply where, as here, the issue will be decided in an appeal in a separate case involving separate parties.[33]

      The CCL Defendants are not asking the Court to suspend the effectiveness of an order or judgment against them while they appeal it, a situation that would require the Court to consider whether such an appeal may succeed. Nor is the question simply whether there is controlling precedent to guide the Court pending the Supreme Court's rulings. The analytical framework that applies here is, as discussed in detail below, whether the Supreme Court rulings may have significant consequences that, in the balance of harms to the parties and the importance of judicial economy and efficiency, would justify staying the proceedings.[34] Under that analysis, a number of courts in the Eleventh Circuit have stayed proceedings with similar circumstances, notwithstanding the existence of *Palm Beach* and *Stein*.[35] Indeed, while this Court in *Riccardi* understood a stay to be appropriate "'only [if] there is no controlling Eleventh Circuit precedent on [the] issue,'"[36] the same judge who originally wrote those words, Judge Cooke, notably has not found the opposite situation to prevent her from issuing stays pending the decisions in *Spokeo* and *Campbell-Ewald*.[37] There is no such impediment in this situation. Moreover, a large

---

[33] *Accord Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (explaining that one of the factors considered in deciding to issue a stay of an order pending appeal is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" of the appeal) (citing Fed. R. Civ. P. 62(c) (permitting court to suspend, modify, restore, or grant injunction pending appeal of an order regarding the injunctive relief); Fed. R. App. P. 8(a) (authorizing motion to stay judgment or order of district court pending appeal)).

[34] *See, e.g., Boise*, 2015 WL 4077433 at *6 ("[W]ithout a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant in either one of the two cases.").

[35] *Tel. Science*, 2015 WL 7444409 at *3; *Lopez*, 2015 WL 7202905 at *1; *Boise*, 2015 WL 4077433 at *5-6.

[36] *Riccardi* at *6 n.1 (quoting *Nicholas v. Nationwide Credit, Inc.*, No. 09-60736-CIV COOKE, 2010 WL 503071, *4 (S.D. Fla. Feb. 8, 2010) (Cooke, J.)).

[37] *Lopez*, 2015 WL 7202905 at *1; *Boise*, 2015 WL 4077433 at *5-6.

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

number of the courts that have stayed proceedings pending rulings in *Spokeo* and *Campbell-Ewald* are courts within the Ninth Circuit, the very Circuit Court of Appeals from which both appeals originated.

Furthermore, while *Spokeo* involves the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and not the TCPA, the decision likely will have a far reaching impact on all cases in which, like this one, plaintiffs seek only statutory damages.  The petition in *Spokeo* explains that the question presented implicates claims brought under a wide range of federal statutes, including the TCPA.[38]  And, indeed, courts have stayed TCPA cases on the basis that *Spokeo* may directly apply.  In this District, for example, Judge Cooke specifically explained that "the ruling in *Spokeo* may apply to the Court's subject matter jurisdiction over statutory violations generally, including violations of the TCPA."[39]

### B.    Legal Standard

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.[40]  "In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court."[41]  The proponent of a stay has the burden of proving the requested stay is

---

[38] Ex. B at 16-19.
[39] *Boise*, 2015 WL 4077433 at *5.  *See also, e.g.*, *Tel. Science*, 2015 WL 7444409 at *3 ("While [*Spokeo*] involves claims under the FCRA, the constitutional question extends to the TCPA."); *Duchene*, 2015 WL 5947669 at *1 ("*Spokeo* itself deals with the Fair Credit Reporting Act, but a ruling in *Spokeo* would likely have a direct impact [on] other statutory damages cases, such as the present TCPA case.").
[40] *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).
[41] *Brent v. Source Interlink Distribution, LLC*, No. 2:14-CV-52-FTM-38DNF, 2014 WL 4162770, *2 (M.D. Fla. Aug. 21, 2014).  *See also Jones v. United States*, No. 04-60216-CR, 2008 WL 2594684, *1 (S.D. Fla. May 12, 2008), report and recommendation adopted in part, No. 04-60216-CR, 2008 WL 2594661 (S.D. Fla. June 27, 2008) ("The general factors governing when it is appropriate to grant a stay

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

justified.[42]  Here, a stay of the proceedings pending the decisions in *Spokeo* and *Campbell-Ewald*

is warranted because the decisions will bear on whether the claims of the Plaintiffs and the

putative class members in this action are mooted, as well as whether they have standing to even

bring claims seeking only statutory damages under the TCPA and, for purposes of class

certification, if they have the same injury that can be shown by common evidence.

          1.        **Either *Spokeo* or *Campbell-Ewald*  May
                       Have a Dispositive Effect on this Action**

If the Supreme Court finds in *Spokeo* that alleging statutory damages is not enough to

confer standing under Article III, then this Court will lack subject matter jurisdiction over this

case.  That result undercuts Plaintiffs' entire case, which seeks recovery of only statutory

damages.  Indeed, the *Spokeo* decision might require an immediate dismissal by this Court.[43]

And a decision in *Campbell-Ewald* that a named plaintiff's receipt of an offer of complete relief

moots not only their individual claim, but perhaps the class action as well, would also effectively

bring the case to a close.  Awaiting a decision in *Spokeo* and *Campbell-Ewald* before requiring

the parties or the Court to engage in any further proceedings that may be rendered unnecessary

would be in line with how a number of other district courts have decided to handle the

potentially dispositive effect of either *Spokeo* or *Campbell-Ewald* (or both).[44]

---

pending the resolution of a claim in another forum include: 1) whether the petitioner is able to
demonstrate a clear hardship or inequity if the action were to move forward; 2) the injury, if any, to the
respondent; and 3) the effect of the stay on the public interest, including the judiciary's interest in
efficiency, economy, and fairness.") (internal quotation omitted).

[42] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

[43] *See Duchene*, 2015 WL 5947669, *3 (citing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523,
1528 (2013) (holding that "an actual controversy must be extant at all stages of review," so "if an
intervening circumstances deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any
point during the litigation, the action can no longer proceed and must be dismissed as moot.")).

[44] *See, e.g.*, *Stone v. Sterling Infosystems, Inc.*, No. 2:15-CV-00711-MCE, 2015 WL 4602968, *1 (E.D.
Cal. July 29, 2015) ("Defendant requests that this case be stayed pending the Supreme Court's decision in
order to conserve judicial and party resources. The Court agrees that this is the most prudent approach.");
*Boise*, 2015 WL 4077433, *6 ("Either of these two cases [*Ewald-Campbell* or *Spokeo*] may conclusively

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

**2.     Staying this Action and Awaiting the Potentially-Dispositive**
***Spokeo* and *Campbell-Ew*ald Decisions Will Save Judicial Economy**

A stay is appropriate at this time because of *Spokeo*'s and *Campbell-Ewald*'s potentially dispositive consequences for the case at hand.  Indeed, there is a distinct possibility that either decision will result in the Plaintiffs lacking standing and the Court losing jurisdiction to hear the case.  If that happens, any judicial resources spent on this matter between now and then would have been wasted.[45]  As Judge Cooke noted in *Boise*, "the significant time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like [Plaintiffs here] lack Article III standing *or* that [Plaintiffs'] claims are moot (or both)."[46]  Accordingly, it is in the best interests of judicial economy to conserve the Court's resources for those actions in which there is not a risk that a relatively imminent decision (within seven or so months) from the Supreme Court will undo any Court decisions and vitiate any costly and extensive motion practice, briefing, and discovery conducted by the litigants.

**3.     A Stay Will Benefit the Public Interest**

The requested stay would also be in the public interest.  Moving forward with the Sword of Damocles-like situation of two Supreme Court rulings looming over the ensuing proceedings, when just one could dispose of the entire action, would not serve any party's or potential class member's interests.  Not only would all of the parties suffer prejudice should this case not be

---

determine whether this Court has the subject matter jurisdiction to hear Plaintiff's claims at all. Therefore, . . . the significant 'time, expense, and resources required to litigate this case on the merits will be for naught if the Supreme Court rules either that plaintiffs like Boise lack Article III standing or that Boise's claims are moot (or both).'"); *Larson v. Trans Union, LLC*, No. 12-CV-05726-WHO, 2015 WL 3945052, *8 (N.D. Cal. June 26, 2015) ("The competing interests in this case favor a stay. Larson and the class will not be materially harmed by a stay pending resolution of the *Spokeo* appeal. The Supreme Court is likely to issue a decision in the case within one year."); *Syed v. M-I LLC*, No. 1:14-CV-00742-WBS, 2015 WL 3630310 (E.D. Cal. May 29, 2015) (granting parties' stipulation for stay pending decision in *Spokeo*).
[45] *Duchene*, 2015 WL 5947669 at *4 (citing *Hillson*, 2015 WL 4488493 at *1).
[46] 2015 WL 4077433 at *5.  *See also Lopez*, 2015 WL 7022905 at *1 (determining "a stay is warranted to avoid unnecessary expenditures of time and resources").

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

stayed, but the public at large would, as well, particularly since "[a] moderate delay here will free up judicial resources,"[47] while the opposite would be true absent a stay, and those limited judicial resources might ultimately be wasted.  Both *Spokeo* and *Campbell-Ewald* have been argued before the Supreme Court during its present Term, and decisions in both are expected to be rendered before July 2016, within seven months from now.  The public interest would be better served by entering a brief stay in this case and having the Court's time and resources directed toward the other matters on its case docket during the stay, particularly when any time spent on this case in the next seven months may end up being for naught.

### 4.   None of the Parties Will Suffer a Hardship or Prejudice While Awaiting the Supreme Court's Decisions

None of the parties will be harmed or prejudiced by the brief stay requested herein. While Plaintiffs may argue they have the right to the speedy resolution their claims, "having to wait eight to nine months to continue litigation is not, itself, sufficiently prejudicial to outweigh the very plain benefits of staying the case, particularly when the issues pending at the Supreme Court go to this Court's power to hear the case."[48]  Indeed, the court in *Boise* held that the TCPA plaintiff in that case

> will not be unduly prejudiced or harmed by a stay of proceedings, which only stands to delay Plaintiff's potential recovery for a period likely less than twelve months. Conversely, without a stay, Defendant will be forced to endure onerous discovery and significant expenses, which may be needlessly incurred if the Supreme Court rules favorably for the Defendant in either one of the two cases.[49]

The court in *Boise* also found it "important that the length of the stay is neither indefinite nor immoderate," since the Supreme Court's decisions in both cases are "imminent within a

---

[47] *Boise*, 2015 WL 4077433 at *6.  *See also Lopez*, 2015 WL 7022905 at *1 (noting "there is a public interest in judicial economy and efficiency").
[48] *Duchene*, 2015 WL 5947669 at *4.
[49] 2015 WL 4077433 at *6.

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

year."[50]   That factor weighed heavily in favor of a stay in the court's decision six months ago, and it weighs even heavier now that the same stay in this case will have a shorter duration.[51]

## REQUEST FOR HEARING

In accordance with Local Civil Rule 7.1(b)(2), the CCL Defendants respectfully request oral argument on this Motion.  As grounds for this request, the CCL Defendants submit that the Motion raises legal issues the presentation of which would provide the opportunity to respond to questions that may arise as a result of the parties' briefing of the Motion.  It is estimated that the argument for both sides should take no longer than forty-five minutes.

## CONCLUSION

As the CCL Defendants have tendered Plaintiffs the full and complete relief to which they are entitled, the Court should enter judgment in favor of Plaintiffs for the award of statutory damages, taxable costs, and injunctive relief the CCL Defendants have tendered.   In the alternative, the Court should stay this case pending the Supreme Court's decisions in *Spokeo* and *Campbell-Ewald* to lessen the Court's and the parties' litigation burden, especially in light of the risk the Court and the parties run by continuing to litigate this action in the face of just one of two Supreme Court decisions that could dispose of or moot this action entirely.  It is in the best interests of this Court's available judicial resources, the public interest, and the parties' respective litigation burdens to await decisions from the Supreme Court in *Spokeo* and *Campbell-Ewald* to ascertain the decisions' disposition upon this action.

Accordingly, Defendants Caribbean Cruise Line, Inc., Celebration Cruise Line

---

[50] *Id.*

[51] See also *Ramirez*, 2015 WL 6159942 at *2 ("Given that the Supreme Court's decision in *Spokeo* may directly impact the Court's class certification ruling, the *Landis* factors weigh strongly in favor of staying this action pending the *Spokeo* decision.  The possible prejudice to Plaintiff that will result from a stay is minimal, as the *Spokeo* decision will likely be issued within a year per the Supreme Court's customary practice.").

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

Management, LLC, Celebration Cruise Line, LLC, and Celebration Cruise Holding, Inc. respectfully request that this Court (a) enter an Order granting this Motion for Entry of Judgment and enter a judgment granting Plaintiff Wade Gaines Kilpatrick $3,006 and Holly Lively $4,509, respectively, an award of all taxable costs, and an injunction preventing any of the CCL Defendants from calling each Plaintiffs' cellular telephone number in a manner that violates 47 U.S.C. § 227(b)(1) using an automatic telephone dialing system (as defined by the TCPA) or a pre-recorded voice and without their prior express consent; or (b), in the alternative, granting the Motion to Stay pending the Supreme Court's decision in *Spokeo v. Robins* and *Campbell-Ewald v. Gomez*, and ordering such further relief as this Court deems just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)

Counsel for the CCL Defendants conferred with counsel for Kilpatrick and Lively to obtain their consent to the instant Motion. Counsel for Lively expressed his opposition during a telephone call on December 2, 2015, and later in writing on December 3, 2015. Counsel for Kilpatrick expressed his opposition during a telephone call on December 7, 2015. Both agreed that any further attempts to confer on the CCL Defendants' requested relief would be futile.

Dated: December 9, 2015                    Respectfully Submitted,

*/s/ Jeffrey A. Backman*
RICHARD W. EPSTEIN, ESQ.
(Fla. Bar No. 229091)
richard.epstein@gmlaw.com
JEFFREY A. BACKMAN, ESQ
(Fla. Bar No. 0662501)
jeffrey.backman@gmlaw.com
ROY TAUB, ESQ.
(Fla. Bar No. 116263)
roy.taub@gmlaw.com

GREENSPOON MARDER, P.A
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

954-491-1120 (Telephone)
954-343-6958 (Facsimile)

*Attorneys for Defendants Caribbean
Cruise Line, Inc., Celebration Cruise Line
Management, LLC, Celebration Cruise Line,
LLC, and Celebration Cruise Holding, Inc.*

16

Case No.: 14-cv-61572-BB
The CCL's Defendants' Motion for Entry of Judgment or,
Alternatively, to Stay and Incorporated Memorandum of Law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF thereby notifying the following parties of record below on this 9th day of December, 2015.

CRUMLEY & WOLFE, PA
Benjamin H. Crumley
Email: ben@cwbfl.com
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone (904) 374-0111
Facsimile (904) 374-0113

HUGHES ELLZEY, LLP
W. Craft Hughes
E-Mail: craft@hughesellzey.com
Jarrett L. Ellzey
E-Mail: jarrett@hughesellzey.com
Brian B. Kilpatrick
E-Mail: brian@hughesellzey.com
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335

HILLARD CUYKENDALL & ALLRED, P.A.
Benjamin Hillard
HCAEService@gmail.com
13143 66th Street
Largo, Florida 33773
(727) 536-8882 / Fax (727) 536-7739

KRISTENSEN WEISBERG, LLP
John P. Kristensen
john@kristensenlaw.com
12304 Santa Monica Blvd., Suite 100
Los Angeles, California 90025
Telephone: (310) 507-7924
Fax: (310) 507-7906

DREYER BABICH BUCCOLA WOOD
CAMPORA, LLP
Christopher W. Wood
cwood@dbbwlaw.com
Kelsey J. Fischer
kfischer@dbbwlaw.com
20 Bicentennial Circle
Sacramento, California 95826
Telephone: (916) 379-3500
Fax: (310) 379-3599

/s/Jeffrey A. Backman
JEFFREY A. BACKMAN

17