UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-61572-Bloom/Valle

WADE GAINES KILPATRICK, and HOLLY
LIVELY, individually and on behalf of others
similarly situated,

    Plaintiffs,

v.

CARIBBEAN CRUISE LINE, INC.,
CELEBRATION CRUISE LINE
MANAGEMENT, INC., CELEBRATION
CRUISE LINE, LLC, CELEBRATION
CRUISE HOLDING, INC., SUNBRIDGE
SYSTEMS, LLC, and THE MARKETING
SOURCE, INC.,

    Defendants.
_____/

## ORDER GRANTING STAY

This cause is before the Court upon Defendants, Caribbean Cruise Line, Inc., Celebration Cruise Line Management, LLC, Celebration Cruise Line, LLC, and Celebration Cruise Holding, Inc.'s Motion for Entry of Judgment or, Alternatively, to Stay, ECF No. [129] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised. For the reasons that follow, the Motion is denied as to the entry of judgment; however, a stay is warranted given the circumstances presented.

### I. BACKGROUND

This action was commenced on July 9, 2014, by Plaintiff Wade Gaines Kilpatrick ("Kilpatrick"), seeking relief for himself and all other individuals who received unsolicited calls from, or on behalf of, Defendants, Caribbean Cruise Line, Inc., Celebration Cruise Line

Management, LLC, Celebration Cruise Line, LLC, and Celebration Cruise Holding, Inc. (collectively, the "Cruise Line Defendants"). *See generally* Complaint, ECF No. [1]. The calls at issue were not only unsolicited, but also involved the use of either an auto-dialer and/or artificial pre-recorded voice in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq. Id.* The matter was set for trial on December 14, 2015. *See* Scheduling Order, ECF No. [37]. On June 29, 2015, this action was consolidated with another action which was, at the time, before the Honorable Robert N. Scola, Jr., entitled *Holly Lively v. Caribbean Cruise Line, Inc, et al.*, No. 0:15-cv-61213-RNS (S.D. Fla.), and had been transferred to the Southern District of Florida from the Eastern District of California. *See* Order Consolidating Cases, ECF No. [60]. Like Plaintiff Kilpatrick, Plaintiff Holly Lively ("Lively") commenced her action, individually and on behalf of others, for violations of the TCPA. *See Lively v. Caribbean Cruise Line, Inc, et al.*, No. 0:15-cv-61213-RNS, ECF No. [1] (S.D. Fla. Apr. 17, 2014) (Class Action Complaint); *see also* Consolidated Class Action Complaint, ECF No. [100]. On August 11, 2015, the Court entered its Consolidated Scheduling Order, ECF No. [81], setting trial for August 8, 2016, and on October 13, 2015, Plaintiffs Kilpatrick and Lively (collectively, "Plaintiffs"), filed the operative pleading, a Consolidated Class Action Complaint, ECF No. [100]. Pursuant to the Court's Consolidated Scheduling Order, Plaintiffs have until February 6, 2016 to file their motion for class certification and discovery does not close until April 12, 2016. *See* Consolidated Scheduling Order, ECF No. [81] at 2.

## II. DISCUSSION

On November 10, 2015, the Cruise Line Defendants made offers of judgment under Federal Rule of Civil Procedure 68 to Plaintiffs Kilpatrick and Lively. *See* Motion at 2. Plaintiffs were offered $1503 per alleged call, all reasonable taxable costs, and injunctive relief

barring the Cruise Line Defendants from calling Plaintiffs' telephone numbers without their consent (the "Offers"). *Id.* The TCPA provides that an individual who has suffered at the hands of a TCPA violation may recover $500 per call, as well as treble damages for willful or knowing violations. *See* 47 U.S.C. § 227(b)(3). Consequently, the Cruise Line Defendants maintain that they have agreed to provide Plaintiffs with the full relief available to them under the law. *See* Motion at 2, 4-7. In the alternative, the Cruise Line Defendants request that the Court stay the action pending the United States Supreme Court's decision in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). *Id.* at 2-3, 7-15.

### A.      Judgment under Fed. R. Civ. P. 68

Relying on *Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2015 WL 6123731 (M.D. Fla. Oct. 16, 2015), the Cruise Line Defendants assert that the Offers grant Plaintiffs the full and complete relief to which each of them are entitled. At the time Judge Covington issued her opinion, the only issue remaining in *Shamblin* was whether the plaintiff was entitled to injunctive relief on her TCPA claim. *See id.* at *1. Finding that a narrow injunction was warranted, the court cancelled the scheduled bench trial and closed the case as the plaintiff had been allowed "full and complete relief with respect to her individual TCPA claim— which is the only claim that remains to be decided." *Id.* at *2. *Shamblin*'s application to this litigation is spurious at best. Not only was the issue in *Shamblin* not addressed in the context of Rule 68 but, also, the case was plainly factually inapposite.

Before reaching the issue addressed in the opinion, the court in *Shamblin* denied the plaintiff's motion for class certification, holding that the case was "to proceed on an individual basis only." *Id.* at *2. In contrast, this Court has yet to resolve the certification issue and, accordingly, the relief for the claims brought by Plaintiffs Kilpatrick and Lively, in their

3

individual capacities, is not the sole relief sought in this case. As a result, the Offers, addressed exclusively to the named Plaintiffs does not afford all *potential* plaintiffs in this action the full and complete relief afforded to them. For this same reason, the Cruise Line Defendants' other out-of-Circuit authority supporting the contention that "[i]f the offer tenders complete relief, the court should (absent additional procedural complications) enter judgment pursuant to the terms of that offer, with or without the plaintiff's consent," appears inapplicable. *See Hepler v. Abercrombie & Fitch Co.*, 607 F. App'x 91, 92 (2d Cir. 2015); *Bank v. Carribean Cruise Line, Inc.*, 606 F. App'x 30, 31 (2d Cir. 2015) ("[W]here there is an unaccepted offer of judgment that would afford the plaintiff complete relief, we have held that the typically proper disposition in such a situation is for the district court to enter judgment against the defendant for the proffered amount and to direct payment to the plaintiff consistent with the offer.") (internal citation and quotation omitted); O'Brien v. Ed Donnelly Enterprises, Inc., 575 F.3d 567, 575 (6th Cir. 2009) (noting that where the plaintiff is offered full and complete relief under Rule 68, "the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment"). While it may be true that "a non-named class member is [not] a party to [] class-action litigation *before the class is certified*, see *Smith v. Bayer Corp.*, 564 U.S. 299, 131 S. Ct. 2368, 2379 (2011), the Cruise Line Defendants, nevertheless, point to no authority supporting the argument that offers made exclusively to named Plaintiffs, which fail to address the rights of the yet-to-be-determined class, must be accepted or suffer the district court's forced acceptance. In fact, a related argument concerning mootness in this context is presently before the United States Supreme Court. *See Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) *cert. granted*, *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). Absent such authority, this Court remains unpersuaded.

It appears that the Cruise Line Defendants attempt to utilize the reasoning in *Shamblin* in order to circumvent the Eleventh Circuit's jurisprudence on Rule 68 offers of judgment. *See, e.g., Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 709 (11th Cir. 2014) ("[A] plaintiff's individual claim is not mooted by an unaccepted Rule 68 offer of judgment."). Indeed, a substantial portion of Plaintiff's opposition to the Motion is dedicated to this premise. *See* Response, ECF No. [131] at 10-14. Discussion of this premise is unwarranted as the Motion explicitly notes that the request for entry of judgment is not premised "on mootness or lack of jurisdiction." *See* Reply, ECF No. [132] at 3 ("The [Cruise Line] Defendants are not moving for dismissal or any other form of relief based on mootness or lack of jurisdiction, but, rather, just the opposite. The request for entry of judgment is premised on the Court having jurisdiction to enter judgment and the claims not being moot. As noted in [the] opening brief, *Stein*, which addressed mootness, therefore does not apply."). Nevertheless, based on the foregoing, judgment will not be forced upon Plaintiffs Kilpatrick and Lively at this time.

**B.    Motion to Stay**

As noted, the Motion requests that the Court stay this action pending the resolution of two cases set before the United States Supreme Court. The case of *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014) *cert. granted*, *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015), involves the issue of Article III standing based solely on statutory violations where the aggrieved party would have suffered no cognizable injury in the absence of the statute at issue.[1] The case of *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) *cert. granted*, *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015) presents a question more relevant to the Cruise Line

---

[1] In *Spokeo*, the statute at issue is the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, not the TCPA. However, a ruling on this issue would bear on this Court's subject matter jurisdiction over statutory violations generally, including violations of the TCPA.

Defendants' request for judgment, namely, whether a case becomes moot, and thus beyond the judicial power of Article III, where a plaintiff receives an offer of complete relief before a class is certified.  *See* Petition for Writ of Certiorari, *Campbell-Ewald*, 2015 WL 241891 (U.S. Jan. 16, 2015).  Resolution of these two cases by the Supreme Court will, potentially, have considerable influence over the instant litigation.

"[A] court may exercise its inherent discretionary authority to stay cases to control its docket and in the interests of justice and efficiency."  *Shell Oil Co. v. Altina Associates, Inc.*, 866 F. Supp. 536, 540 (M.D. Fla. 1994); *cf. Ortega Trujillo v. Conover & Co. Commc'ns*, 221 F.3d 1262, 1264-65 (11th Cir. 2000) (evaluating *sua sponte* imposition of stay for abuse of discretion, and explaining that stay would be inappropriate if not justified by, e.g., simple case management reasons or if immoderately indefinite).  "A stay of proceedings is generally in the court's discretion.  It is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others."  *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993) *aff'd*, 193 F.3d 1185 (11th Cir. 1999) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")).

"In determining whether to grant a stay, courts examine general factors such as whether a stay will unduly prejudice or tactically disadvantage the non-moving party; simplify the issues and streamline trial; and reduce the burden of litigation on the parties and on the court."  *Brent v. Source Interlink Distribution, LLC*, 2014 WL 4162770, at *2 (M.D. Fla. Aug. 21, 2014).  Additionally, courts are to examine factors such as: "(1) the likelihood of the moving party

6

ultimately prevailing on the merits; (2) the extent the moving party would be irreparably harmed; (3) potential for harm to the opposing party if the stay is issued and (4) whether issuing a stay would be in the public interest." *Boise v. ACE USA, Inc.*, 2015 WL 4077433, at *2 (S.D. Fla. July 6, 2015) (citing *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987)). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." *Cypress Chase Condo. Ass'n A v. QBE Ins. Corp.*, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011) (citing *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009)).

The Cruise Line Defendants acknowledge that this Court has recently had occasion to address *Spokeo*'s implications in the context of a similar TCPA case, denying a stay therein. *See Ed Riccardi v. Ed Ideas, Inc.*, No. 15-cv-80488-Bloom/Valle, ECF No. [41] (S.D. Fla. Dec. 3, 2015). In *Riccardi*, this Court acknowledged that "the law, as it stands today, clearly provides standing to any plaintiff that alleges conduct amounting to a violation of the TCPA." *Id.* at 3-4 (citing *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245, 1251 (11th Cir. 2015) ("[W]here a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights.")). The same is true here. Notwithstanding the fact that the Supreme Court may issue a ruling favorable to the Cruise Line Defendants, the law confers standing upon Plaintiffs. Nevertheless, the Cruise Line Defendants ask that the Court depart from its conclusion in *Riccardi*. In light of the additional implications of *Campbell-Ewald*, the Court finds that the balance of interests weigh in favor of permitting a stay, which best serves judicial economy and efficiency in this matter.

As noted by Judge Cooke in *Boise v. ACE USA, Inc.*, No. 15-CIV-21264, 2015 WL

4077433 (S.D. Fla. July 6, 2015), the resolution of either *Spokeo* or *Campbell-Ewald* will have profound implications as to this Court's subject matter jurisdiction to hear Plaintiffs' claims. *Id.* at \*5. A decision in either *Spokeo* or *Campbell-Ewald* will likely divest this Court of its ability to hear this matter, either negating Plaintiffs' Article III standing or rendering such claims moot given the Cruise Line Defendants' Rule 68 offer of judgment (or both). "This Court may exercise its discretion to avoid such unnecessary expenditures of time and resources by ordering a stay of proceedings." *Id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000)).

The Court recognizes that allowing the stay is not without detriment to Plaintiffs. Plaintiffs have expended substantial resources in litigating this action, not only in this District but in the Eastern District of California. Irrespective of this distinguishing element, the factors found persuasive in *Boise* remain applicable here. The potential harm to the Cruise Line Defendants is considerable, while the potential harm to Plaintiffs is limited. Although this case was commenced some time ago, much litigation remains to be conducted. Plaintiffs have yet to seek class certification, discovery does not close until April 2016, and dispositive motions are not required until May 2016. *See* Consolidated Scheduling Order, ECF No. [81]. Thus, the Cruise Line Defendants will be obligated to engage in additional discovery, considerable briefing as to the issue of class certification, and will be subject to expending potentially unnecessary time and expense on dispositive motions and related matters if this action is allowed to proceed. Further, as indicated, the public interest supports the stay: it would be a misuse of the parties'— and the Court's—resources to allow this litigation to continue with the Supreme Court's pivotal decisions looming. *See id.* (citing *Moorman v. Unumprovident Corp.*, No. 1:04-CV-2075-BBM, 2005 WL 6074572, at \*11 (N.D. Ga. Feb. 17, 2005) *aff'd*, 464 F.3d 1260 (11th Cir. 2006)

8

(noting that "the resolution of the case will likely be more efficient if the court is certain as to what claims are before it")).

The stay in question is not "immoderate." The Eleventh Circuit has noted that a stay may be deemed "immoderate" unless it is "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of provision and description." *Ortega Trujillo*, 221 F.3d at 1264 ("In considering whether a stay is 'immoderate,' we examine both the scope of the stay (including its potential duration) and the reasons cited by the district court for the stay.") (citation omitted). Both *Spokeo* and *Campbell-Ewald* have been fully briefed and argued before the Supreme Court, *Spokeo* in early November 2015, and *Campbell-Ewald* in October 2015. This Court would be substantially less inclined to permit a stay if the opinions at issue were not forthcoming. *Cf. id.* at 1264 (holding that stay was "immoderate" where stay appeared "indefinite"). However, in view of the foregoing considerations and the fact that both the *Spokeo* and *Campbell-Ewald* decisions will be handed down in short order, a stay of this litigation remains warranted.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants, Caribbean Cruise Line, Inc., Celebration Cruise Line Management, LLC, Celebration Cruise Line, LLC, and Celebration Cruise Holding, Inc.'s Motion for Entry of Judgment or, Alternatively, to Stay, **ECF No. [129]**, is **GRANTED AND PART** and **DENIED IN PART**. The Motion is granted as to the request for stay, and denied in all other respects. Accordingly, this action is **STAYED** pending the United States Supreme Court's decisions in *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). The Clerk is instructed to **CLOSE** this case *for administrative purposes only*. Upon the United States

Supreme Court's resolution of the issues presented, either party may request to reopen the case.

**DONE AND ORDERED** in Miami, Florida, this 15th day of January, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record