UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 14-cv-61572-BB

WADE GAINES KILPATRICK, and
HOLLY LIVELY, individually and on
behalf of all other persons similarly
situated,

      CONSOLIDATED CLASS ACTION

      Plaintiffs,

v.

CARIBBEAN CRUISE LINE, INC.,
CELEBRATION CRUISE LINE
MANAGEMENT, LLC,
CELEBRATION CRUISE LINE, LLC,
SUNBRIDGE SYSTEMS, LLC,
THE MARKETING SOURCE, INC.,
CELEBRATION CRUISE HOLDING, INC.,
DANIEL E. LAMBERT,
JAMES H. VERRILLO, and
BAHAMAS PARADISE CRUISE LINE,
LLC

      Defendants
_____/

## PLAINTIFFS' REQUEST TO LIFT STAY AND REOPEN CASE

WADE GAINES KILPATRICK and HOLLY LIVELY, individually and on behalf of all other persons similarly situated ("Plaintiffs"), file this request to lift the stay and reopen the case per the Court's Order dated January 19, 2016 [Dkt. #133], as follows:

On December 9, 2015, Defendants filed a motion for entry of judgment and to stay this case pending the United States Supreme Court's decisions on two cases: *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *Campbell-Ewald Co. v. Gomez*, 135 S. Ct. 2311 (2015). Defendants

1

urged the Court to stay this case because Defendants anticipated that both cases would resolve issues two critical issues that could dispose of Plaintiffs' claims. The key related issue in *Spokeo* is whether an allegation of an intangible injury, such as was held sufficient by the Eleventh Circuit in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015), is sufficient to confer standing in the eyes of the Supreme Court. The key related issue in *Campbell-Ewald* was whether an unaccepted offer of full relief moots the claims of a named plaintiff and those of the proposed class members.

### *Spokeo*

In *Spokeo*, the Supreme Court vacated the Ninth Circuit's opinion holding that the plaintiff had satisfied the injury-in-fact requirement of Article III standing by alleging that the defendant violated "*his* statutory rights, not just the statutory rights of other people" and where the plaintiff's "personal interests in the handling of his credit information are *individualized* rather than collective." Slip. Op. 8 (quoting *Robins v. Spokeo, Inc.* 742 F.3d 409, 413 (9th Cir. 2014)) (emphasis in original). This was error, the Supreme Court explained, because it ignored the "concreteness" element of injury-in-fact. *Id.*

Thus, the Supreme Court merely found that the Ninth Circuit's analysis was incomplete and did not reach the conclusion Defendants hoped for – that the *Robins'* allegations failed to demonstrate actual harm in the form of personal injury or economic loss. To the contrary Court acknowledged that <u>*intangible harms*</u> may qualify as concrete injuries, and that both history and the judgment of Congress as to what intangible harms constitute injuries are "instructive."

*Spokeo* does not change the established law in this Circuit. If anything, this long awaited opinion validated the analysis performed by Eleventh Circuit in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, before the *Spokeo* decision. The *Palm* court held that allegations of intangible harm,

2

even if perhaps tenuous, met the definition of a "concrete" injury and were therefore sufficient to confer Article III standing to the plaintiff.  As Judge Cooke noted in her order staying *Boise v. ACE USA, Inc.*, 2015 WL 4077433, at *4 (S.D. Fla. July 6, 2015):

> "[*Palm*] forecloses on Defendant's argument that Plaintiff lacks Article III standing to bring his claims.  In *Palm*, the Eleventh Circuit determined that a business suffered a concrete injury when it received an unsolicited fax advertisement in violation of the TCPA.  On appeal, the Eleventh Circuit explained that 'where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person *as a result of the violation of the newly created legal rights*.'"

*Spokeo* does nothing to detract from the force and effect of this holding.  Accordingly, the Court should lift the stay and allow this case to proceed.

### *Campbell-Ewald*

The Rule 68 mootness issue is resolved.  In *Campbell-Ewald*, the Supreme Court stated: "[w]e hold today, in accord with Rule 68 of the Federal Rules of Civil Procedure, that an unaccepted settlement offer has no force. Like other unaccepted contract offers, it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016). The Court concluded: "In sum, an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case, so the District Court retained jurisdiction to adjudicate Gomez's complaint. That ruling suffices to decide this case. *Id.* at 672.

The question of whether an offer of judgment moots a class action has been answered, and this commonly utilized defense strategy is no longer a viable option.  Plaintiffs did not accept Defendants' offers of judgment.  Accordingly, there is still a live controversy that must be resolved within this Court.  Therefore, the Court should lift the stay and allow this case to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiffs Wade Gaines Kilpatrick and Holly Lively respectfully request this Court grant Plaintiffs' Motion; enter an order lifting the stay of these proceedings and reopening the case; and grant Plaintiffs all other relief to which they may be entitled, at law or in equity.

Dated: June 2, 2016  Respectfully submitted,

    /s/ Benjamin H. Crumley
Benjamin H. Crumley, Esq.
Florida Bar No. 18284
CRUMLEY & WOLFE, PA
2254 Riverside Avenue
Jacksonville, Florida 32204
Telephone (904) 374-0111
Facsimile (904) 374-0113

W. Craft Hughes-- craft@hughesellzey.com
Texas Bar No. 24046123
Jarrett L. Ellzey--jarrett@hughesellzey.com
Texas Bar No. 24040864
Brian B. Kilpatrick-- brian@hughesellzey.com
Texas Bar No. 24074533
Hughes Ellzey, LLP
2700 Post Oak Blvd., Ste. 1120
Galleria Tower I
Houston, TX 77056
Phone: (713) 554-2377
Fax: (888) 995-3335
*(Admitted Pro Hac Vice)*

John P. Kristensen (CASBN 224132)
*john@kristensenlaw.com*
David L. Weisberg (CASBN 211675)
*david@kristensenlaw.com*
**Kristensen Weisberg, LLP**
12304 Santa Monica Blvd., Suite 221
Los Angeles, California 90025
Telephone:  (310) 507-7924
Fax:  (310) 507-7906
(*Admitted Pro Hac Vice*)

Christopher W. Wood (CASBN 193955)
*cwood@dbbwlaw.com*
Kelsey J. Fischer (CASBN 292262)
*kfischer@dbbwlaw.com*
**Dreyer Babich Buccola**
**Wood Campora, LLP**
20 Bicentennial Circle
Sacramento, California 95826
Telephone:  (916) 379-3500
Fax:  (310) 379-3599
(*Admitted Pro Hac Vice*)

ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASS

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 3, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                 */s/ Benjamin H. Crumley*
                Benjamin H. Crumley, Esq.